IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 20-cv-0357-WJM-KLM

INFOCISION MANAGEMENT CORPORATION,

    Plaintiff,

v.

JENA GRISWOLD, in her official capacity as Colorado Secretary of State,

    Defendant.

## ORDER DENYING PLAINTIFF'S OPPOSED MOTION TO ALTER OR AMEND THE COURT'S JUDGMENT

This case is before the Court on Plaintiff InfoCision Management Corporation's Motion to Alter or Amend the Court's Judgment ("Motion"). (ECF No. 49.) Defendant Jena Griswold, in her official capacity as Colorado Secretary of State, filed a response. (ECF No. 50.) Plaintiff filed a reply. (ECF No. 51.)

This case arises from Plaintiff's lawsuit challenging the constitutionality of the Colorado Charitable Solicitations Act (the "Act"), Colo. Rev. Stat § 6-16-101, *et seq*. After the parties filed cross motions for summary judgment (ECF Nos. 37, 43), on November 9, 2021 the Court denied Plaintiff's motion for summary judgment, granted Defendant's motion for summary judgment, and ordered that judgment be entered in her favor ("Order").[1] (ECF No. 47.)

On December 7, 2021, Plaintiff filed the Motion, requesting that the Court

---

[1] The parties are familiar with the history of this case and the Court's Order, the details of which the Court will not reiterate here. The Court considers it sufficient to incorporate its Order by reference.

reconsider its Order pursuant to Federal Rule of Civil Procedure 59(e).  (ECF No. 49.) Specifically, Plaintiff states that at the time the Court was considering the cross motions for summary judgment in this case, the United States District Court for the District of Connecticut entered its decision in *Kissel v. Seagull*, 2021 WL 3088037 (D. Conn. July 21, 2021), partially enjoining the Commissioner of the Connecticut Department of Consumer Protection from enforcing the Connecticut Solicitation of Charitable Funds Act against a paid solicitor.  (*Id.* at 2.)

According to Plaintiff, *Kissel* is an intervening change in law sufficient to grant a Federal Rule of Civil Procedure 59(e) motion.  (*Id.*)  The *Kissel* court held that the Connecticut law was content-based because "[i]n order to determine whether the paid solicitor restrictions apply to [the plaintiff], one must consider on its face the subject matter of what [the plaintiff] decides to say—that is, whether he has made a request for money to help a charity."  *Kissel*, 2021 WL 3088037, at *8.  It also rejected Connecticut's argument that the law was content neutral because it applied to certain speakers, not certain subjects.  *Id.* at *10.  To reach those conclusions, the court purported to rely heavily on the Supreme Court's decision in *Reed v. Town of Gilbert*, 576 U.S. 155 (2015).  Thus, Plaintiff argues that the Court should reconsider its Order in light of *Kissel*.  (ECF No. 49 at 10.)

Rule 59(e) permits a Court to alter or amend a judgment on timely motion by a party.  Fed. R. Civ. P. 59(e).  "Rule [59(e)] was adopted to mak[e] clear that the district court possesses the power to rectify its own mistakes in the period immediately following the entry of judgment."  *White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982) (internal quotation marks omitted).  Accordingly, the Court may

amend the judgment in its discretion where (1) there has been an intervening change in the controlling law; (2) new evidence that was previously unavailable has come to light; or (3) the Court sees a need to correct clear error or prevent manifest injustice. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.*

However, motions to alter or amend the judgment pursuant to Rule 59(e) "are regarded with disfavor . . . [and are] 'not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.'" *Kerber v. Qwest Grp. Life Ins. Plan*, 727 F. Supp. 2d 1076, 1077 (D. Colo. 2010) (quoting *Servants of Paraclete*, 204 F.3d at 1012).

The Court finds InfoCision's reliance on *Kissel* insufficient to support amendment of the judgment under Rule 59(e).[2]  Most importantly, *Kissel* is an opinion issued by a fellow district court; it is not a published Tenth Circuit opinion, nor is it a Supreme Court opinion.  Thus, it does not constitute an intervening change in the controlling law which binds this Court.  *See Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) ("A decision of a federal district court judge is not binding precedent in . . . a different judicial district.").

For the reasons stated above, the Court DENIES Plaintiff's Motion to Alter or Amend the Court's Judgment.  (ECF No. 49.)

---

[2] Additionally, if Plaintiff wanted the Court to consider *Kissel*, there was nothing preventing Plaintiff from filing a notice of supplemental authority.  *Kissel* was issued in July 2021, four months before the Court issued its Order in November 2021.  Therefore, Plaintiff's statement that "[h]ad *Kissel* been available for consideration by this Court, it may have decided differently," falls especially flat.

Dated this 4th day of August, 2022.

BY THE COURT:

_____
William J. Martinez
United States District Judge

4